The PRESIDENT, having recapitulated the evidence as stated in the commencement of this report, proceeded, in delivering the following charge to the jury.
SHIPPEN, President
—The action brought to recover the legacy in question, turns, in reality, upon a dispute between Reede & Forde (who have a right to use the legatee’s name on the occasion) upon the one hand, and Willing & Morris, upon the other. The assignees of the nominal plaintiff have produced a regular transfer of the legacy, and are unquestionably entitled to a favourable verdict, unless their claim is satisfactorily repelled by any circumstance of law or equity, arising from the defence which has been made.
It is objected to their claim, then, that Willing & Morris are entitled to the legacy, by virtue of a prior assignment; and although this assignment is not so regularly proved as the other; yet, the defendant’s counsel has argued, that it is equally effectual in point of equity. The facts respecting the alledged assignment to Willing & Morris are briefly, that G. Inglis, being entitled to a sum of money for his share in the commissions, arising from the sale of goods consigned to S. Inglis & Co. applied for payment to Willing & Morris, the surviving partners; that they refused, at first, to make the payment, insisting that they would retain the amount in satisfaction of a debt due to them from G. Inglis; but that eventually they complied, being strongly solicited by G. Inglis, who in his letters offered to serve them in any way, and particularly to make over his legacy. Now, it is contended, that this compliance must be taken to have been on the terms of the request; and that the terms amount, at least, to a promise of an assignment. The case upon the facts disclosed is not, indeed, free from doubt, but if the jury shall, upon the whole, be of opinion, that the parties, in paying and receiving the commissions, contemplated and intended a transfer of the legacy as a consideration, then, the law stated by the defendants being well founded, the promise to assign created an equitable right, and, without any further formality, vested the legacy in Willing & Morris. For, by making and accepting an offer, every bargain is consummated.
Much has been said on the point of notice; and, it is true that if the obligee of a bond assigns it, notice ought to be given *50 to the obligor, in order to prevent his paying the money, to the person, who has thus parted with his interest. But there is no positive law that requires a first assignee to notify a subsequent one; and the case is not within the general principle of the rule that has been cited.
The sole object of consideration, therefore, is, whether the money arising from the commissions, was advanced by Willing & Morris to G. Inglis, on the faith of his promise, and the credit of the legacy? That fact it is the province of the jury to ascertain and decide: If the affirmative prevails in their minds, the verdict ought to be for the defendants; but if they entertain a contrary opinion, the nominal plaintiffs are entitled to recover.
Verdict for the Plaintiff.*

 There was a motion made for a new trial; but on the 26th of August 1790 it was withdrawn, and judgment entered confortably to the verdict.